IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

|  |  |  |
|---|---|---|
| XAVIER ADAMS, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | 1:22CV906 |
| | ) | |
| CITY OF GRAHAM, et al., | ) | |
| | ) | |
| Defendants. | ) | |

<u>MEMORANDUM OPINION AND RECOMMENDATION</u>
<u>OF UNITED STATES MAGISTRATE JUDGE</u>

This civil rights action is before the Court on Defendant Jeffrey Ellis's Motion to Dismiss [Doc. #46]. In this case, Plaintiffs as a group allege that Defendant was one of several law enforcement officers who enforced a local ordinance that unconstitutionally restricted Plaintiffs' First Amendment right to protest, and Plaintiff Ruby Sinreich individually alleges that Defendant Ellis arrested her without probable cause in violation of the Fourth Amendment. Defendant Ellis seeks to dismiss all claims brought against him, in both his individual and official capacities, on the basis that (1) the Complaint fails to adequately allege that a First or Fourth Amendment violation occurred; (2) Defendant is entitled to qualified immunity even if such violation(s) occurred; and (3) the Complaint fails to allege a relevant municipal policy or custom that would render Defendant liable in his official capacity. For the reasons set out below, the Court recommends that Defendant Ellis's Motion to Dismiss be denied at this early stage in the case, without prejudice to further consideration of these issues on motions for summary judgment.

I.     FACTUAL ALLEGATIONS AND CLAIMS

Plaintiffs' Complaint was filed on October 27, 2022, pursuant to 42 U.S.C. § 1983. Plaintiffs subsequently filed an Amended Complaint on April 7, 2023, and a Second Amended Complaint [Doc. #43] on June 5, 2023, which is the operative complaint in this case. Because this matter is before the Court on a motion to dismiss, the Court sets out here the facts as alleged by Plaintiffs in their Second Amended Complaint (hereinafter "Complaint" or "Compl.").

On November 14, 2019, all Plaintiffs attended a group demonstration in Graham, North Carolina organized by Never Again Action to protest agreements made between Immigration and Customs Enforcement and local law enforcement pertaining to cooperation in the detention and deportation of immigrants. (Compl. [Doc. #43] ¶¶ 7, 58, 85, 102, 118, 127.) The group, including Plaintiffs, planned to start the demonstration on the private property of the Center for Spiritual Living and then walk on public sidewalks to the city's jail and courthouse to continue protesting, before using public sidewalks to return to the Center for Spiritual Living. (Compl. ¶¶ 8-9, 59-61.)

As applicable to the facts as alleged in this case, the City of Graham had a local ordinance relating to such group protests. The Graham ordinance required a group of two or more people who gathered "for the purpose of protesting any matter or making known any position or thought of the group or of attracting attention thereto" to acquire a permit from the city's police department at least twenty-four hours in advance of a planned protest in order to be able to demonstrate on public sidewalks. (Compl. ¶¶ 2-3, 36-38, 41; Compl. Ex. A [Doc. #41-1] §§ 18-172, -175, -178.) The ordinance did not apply to groups who gathered publicly

2

to discuss matters amongst themselves or to students "going to and from school classes or participating in educational activities" and was silent on its application to groups who gathered for purposes other than protesting or making known their positions or thoughts. (Compl. Ex. A §§ 18-173, -175.) Any group who protested without a permit would be in violation of the ordinance and an officer in charge would be authorized to direct such protestors to disperse. (Compl. Ex. A § 18-176.)

This ordinance was in effect during the Plaintiffs' protest and eventual arrests, as described below. (Compl. ¶¶ 2, 56.) Neither Never Again Action nor any Plaintiff obtained a permit pursuant to the Graham ordinance prior to the November 19 protest. (Compl. ¶ 9.)

Prior to the protest, Defendant Terry S. Johnson, the Sheriff of Alamance County, convened a meeting with law enforcement officials from the Graham Police Department, the Alamance County Sheriff's Office, and the Haw River Police Department, and "formed a fixed operation plan of action" to enforce the Graham ordinance and prevent Plaintiffs and other protestors from utilizing the city's public sidewalks in their upcoming demonstration. (Compl. ¶¶ 10, 32, 34, 62-63, 154.) As part of this plan, Defendant Johnson directed individual law enforcement Defendants to establish physical barriers between the Center for Spiritual Living's private property from which the protest would originate and the adjacent public sidewalks, thus blocking protesters from accessing or utilizing public thoroughfares to reach their planned destination. (Compl. ¶¶ 10-12, 65-66.) Defendant Jeffrey Ellis, a police officer for the Haw River Police Department, was part of this operation.

When the protest began, these barriers did in fact prevent protesters from utilizing public sidewalks to go from the Center for Spiritual Living to the jail and courthouse. (Compl.